# EXHIBIT "A1"

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/20/2021 11:12 AM
JAMIE SMITH
DISTRICT CLERK
D-208180

CAUSE NO. _____

| | | |
|---|---|---|
| SASHA VILLAREAL, INDIVIDUALLY AND AS NEXT FRIEND OF Z.L. HUDSON, MINOR | § § § § | IN THE DISTRICT COURT |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| JONES TRANSPORTATION, INC. TIMOTHY KENNEDY McGREW, JR. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **SASHA VILLAREAL**, Individually and As Next Friend of Z. L. Hudson, Minor ("Plaintiffs"), and file their Original Petition, complaining of **JONES TRANSPORTATION, INC.** and **TIMOTHY KENNEDY McGREW, JR.** ("Defendants"), and for cause of action would respectfully show unto the Court and Jury the following:

### I.
### DISCOVERY

Plaintiffs intend that discovery be conducted pursuant to Level 3.

### II.
### PARTIES

Plaintiffs are residents of Jefferson County, Texas.

Defendant, **JONES TRANSPORTATION, INC.** is a foreign corporation doing business in the venue and jurisdiction of the court, which may be served by serving the Texas Secretary of State's office as the designated agent pursuant to Tex.Civ.Prac.&Rem.Code § 17.044(a)(1) who may serve Defendant pursuant to by serving it at its last known home office address of 5230 Feldwood Road, Atlanta, Georgia 30349.

AO

1

Defendant, **TIMOTHY KENNEDY McGREW, JR.** is an individual who resides in Alabama. Defendant may be served by serving the Chairman of the Texas Transportation Commission who may serve Defendant at his last known address of 200 Furr Street, Mobile, Alabama 36607. Plaintiffs request that the clerk issue citation and forward same to Plaintiffs' counsel for personal service by a private process server.

### III.
### JURISDICTION AND VENUE

Venue is proper in Jefferson County, Texas pursuant to Texas Civil Practice and Remedies Code 15.002(a) in that the collision making the basis of this suit occurred in Jefferson County, Texas. Plaintiffs would further allege that the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

### IV.
### FACTS

On or about March 9, 2020, Plaintiffs, Sasha Villarreal and her minor son, Z.L. Hudson were travelling south in the left lane in the 155 Block of South Martin Luther King Drive in Beaumont, Jefferson County, Texas. Defendant, Timothy Kennedy McGrew, Jr., who was acting in the course and scope of his employment with Defendant, Jones Transportation, Inc. was also traveling south at the 155 Block of South Martin Luther King Drive when Defendant, McGrew unsafely swung right and made an unsafe lane change striking Plaintiffs' vehicle. Sasha Villarreal suffered injuries to her back, shoulder, fracture to finger, and body generally as a result of the collision. Z.L. Hudson, Minor, also suffered injuries to his neck, back and body generally.

### V.
### NEGLIGENCE OF DEFENDANT DRIVER

Defendant driver, Timothy Kennedy McGrew, Jr. was acting in the course and scope of his employment with Jones Transportation, Inc. at the time of the collision, and the

driver's negligence and gross negligence was the proximate cause of the injuries and the damages sustained by Plaintiffs. These Defendants' negligence includes but is not limited to the following:

1. In failing to maintain full and complete control over his vehicle at all times;
2. In failing to exercise due care and diligence in the operation of his vehicle;
3. Failing to control his speed in violation with Texas Transportation Code §545.351;
4. In driving in a negligent and unsafe manner;
5. Driver inattentiveness; and
6. Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

Each of the above and foregoing acts of negligence was a proximate cause of the collision made the basis of this suit and Plaintiffs' resulting injuries and damages.

## VI.
## RESPONDEAT SUPERIOR

At all relevant times, Defendant, McGrew was doing business for Defendant Jones Transportation, Inc. and was working within the course and scope of his employment with Defendant Jones Transportation, Inc., and in furtherance of their business. Accordingly, Defendant Jones Transportation, Inc. is liable pursuant to the theory of law known as respondeat superior and pursuant to the laws of agency for its driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiffs. Further, at the time of the collision, the vehicle being driven by Defendant McGrew was owned by and under the legal operation of Defendant, Jones Transportation, Inc. and said Defendant is liable for the careless and negligent operation of said vehicle, which was a proximate cause of the collision and damages sustained by Plaintiffs.

## VII.
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

Plaintiffs would further show that Defendant Jones Transportation, Inc. was the owner of the truck driven by Defendant, McGrew at the time of the accident and that said Defendant was negligent in entrusting its vehicle to a driver known to be an unfit, incompetent and reckless driver, who proximately caused injuries to Plaintiffs as a result of his negligent operation. Consequently, the conduct of Defendant, Jones Transportation, Inc. constitutes negligent entrustment. Such negligence was a proximate cause of Plaintiffs' damages. Further, Defendant, Jones Transportation, Inc. was negligent in hiring a driver who it knew or should have known was incompetent and unfit. Such negligence was a proximate cause of the Plaintiffs' damages. Further, Defendant Jones Transportation, Inc. failed to properly supervise and train its driver, and such negligence was a proximate cause of the collision and the Plaintiffs' damages.

## VIII.
## NEGLIGENT ENTRUSTMENT

When the accident made the basis of this lawsuit occurred, Jones Transportation, Inc. was the owner of the vehicle which crashed into the side of Plaintiffs' vehicle. Jones Transportation, Inc. entrusted its vehicle to a driver who was either an unlicensed, incompetent, or reckless driver. Jones Transportation, Inc. knew or should have known that its driver was unlicensed, incompetent, or reckless. The conduct of the driver constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiffs made the basis of this suit.

## IX.
## GROSS NEGLIGENCE

Further, Plaintiffs would show that Jones Transportation, Inc.'s decision to allow its unqualified agent, servant and employee, to operate its vehicle on the roadway, given potential for

4

## XII.
## REQUIREMENT UNDER RULE 47 OF THE TEXAS RULES OF CIVIL PROCEDURE

Discovery in this case is in its infancy, and Plaintiffs believe it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case. However, under Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs are required to specifically plead the amount of monetary compensation being sought. In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiffs respectfully plead for monetary relief over $1,000,000.00.

## XIII.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIV.
## JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **SASHA VILLARREAL** and her minor son, **Z.L. HUDSON**, pray that Defendants, **JONES TRANSPORTATION, INC.** and **TIMOTHY KENNEDY McGREW, JR.** be cited to appear and answer herein as the law directs, and that upon final hearing and trial by jury, Plaintiffs have and recover of and from Defendants their items of damages which are in excess of the minimum jurisdictional limits of this Court, together with costs of Court and prejudgment and post-judgment interest, and that Plaintiffs be

entitled to such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

BY: _____
CLAY DUGAS
TBA #06173200
dugas@claydugas.com
350 Pine Street, Suite 1750
BEAUMONT, TX 77701
PHONE: (409) 813-1111
FAX: (409) 813-1396
**ATTORNEYS FOR PLAINTIFFS**
